DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Ottawa County Municipal Court, Small Claims Division, which granted a default judgment to appellee, Michele A. Campbell, in the amount of $1,550, and dismissed appellant's counterclaim for damages. For the reasons that follow, we affirm the judgment of the trial court.
On appeal appellant, Terrence R. Rudes, sets forth the following three assignments of error:
 "I. THE COURT ABUSED ITS DISCRETION IN GRANTING A DEFAULT JUDGMENT.
 "II. THE COURT ABUSED IT'S DISCRETION IN NOT SETTING ASIDE THE JUDGMENT.
 "III. THE COURT ERRED IN DETERMINING THE AMOUNT OF DAMAGES AWARDED TO APPELLEE."
This case arose as an action in small claims court brought by appellee, Michele A. Campbell, against her former attorney, appellant, Terrence R. Rudes. In the complaint, appellee sought the return of $1,200 paid to appellant in legal fees, $1,500 appellee paid to hire an another attorney, and $100 in "consultation" and filing fees. In response, appellant filed a counterclaim for $1,233.75 in unpaid legal fees and expenses.
Initially, a hearing was set for March 2, 2000 but, at appellant's request, the hearing was continued until April 6, 2000. On March 23, 2000, appellant filed a request for mediation. On April 6, the hearing was held on the merits before a magistrate; however, appellant did not appear. On that same day, the magistrate filed a judgment entry in which he granted a default judgment to appellee in the amount of $3,000.
On April 11, 2000, appellant filed objections to the magistrate's decision, in which he asserted that he did not appear for the hearing on April 6 because he believed it had been stayed by the filing of his request for mediation. Appellant also disputed the $3,000 judgment to the extent that it included damages for fees paid to appellee's new attorney. On June 9, 2000, the trial court filed a judgment entry in which it affirmed the granting of the default judgment, but reduced the amount of the judgment against appellant to $1,550. On March 26, 2001, pursuant to a remand from this court, the trial court entered a nunc protunc judgment entry in which it dismissed appellant's counterclaim. On July 5, 2000, a timely notice of appeal was filed.
In his first two assignments of error, appellant asserts that the trial court erred by granting a default judgment against him and dismissing his counterclaim.
In granting the default judgment against appellant, the trial court relied on R.C. 1925.05, which provides that notice to the parties in a small claims case shall contain the following language:
 "`If you do not appear at the trial, judgment may be entered against you by default, and your earnings may be subjected to garnishment or your property may be attached to satisfy the judgment. If your defense is supported by witnesses, account books, receipts, or other documents, you must produce them at the trial. * * *'"
Appellant does not claim that he did not receive the above notice, or that such notice was improperly served. Appellant does argue, however, that his failure to appear at trial was "excusable neglect" because he had filed a request for mediation two weeks before the trial was to take place. In support thereof, appellant points to a handwritten notation on the magistrate's judgment entry, which states:
 "Magistrate was unaware [appellant] had filed a request for mediation. Mediation date had not been scheduled."
Generally, Ohio courts have found that neglect is not excusable "if the party or his attorney could have controlled or guarded against the happening or of the special or unusual circumstance * * *." Vanest v.Pillsbury Co. (1997), 124 Ohio App.3d 525, 536. A review of the record does not reveal any local rule providing for a stay of proceedings in small claims court upon the filing of a party's request for mediation. In addition, the record contains no admissible evidence that appellant, who is an attorney, either inquired as to whether the April 6 hearing had been continued, or had actual knowledge from any other source that his request for mediation would stay the proceedings in small claims court. Finally, the magistrate's notation, while acknowledging that a request for mediation had been filed, offers no support for appellant's argument that such a filing should have automatically stayed the court's proceedings.
Upon consideration of the foregoing, this court finds that the trial court did not err by granting a default judgment against appellant, or by refusing to dismiss the default judgment. Appellant's first and second assignments of error are not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by ordering him to pay $1,550 in damages without first holding an evidentiary hearing.
As set forth above, appellant filed objections to the magistrate's decision, in which he argued that appellee was not entitled to $3,000 in damages and asserted that he also was entitled to damages for unpaid legal fees. Thereafter, the trial court reduced the amount of damages owed by appellant from $3,000 to $1,550.
The magistrate's April 6, 2000 judgment entry states that "evidence of damages [was] presented" in those proceedings. However, the certified record does not contain a transcript of the proceedings in small claims court or a substitute therefore. Accordingly, we must presume the regularity of the trial court's proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Upon consideration of the foregoing and our disposition as to appellant's first and second assignments of error, we find that the trial court did not err by not holding an evidentiary hearing as to the issue of damages. Accordingly, appellant's third assignment of error is not well-taken.
The judgment of the Ottawa County Municipal Court, Small Claims Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., George M. Glasser, J. JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
The scope and duration of the investigative stop must last no longer than is necessary to effectuate the purpose for which the initial stop was made. Florida v. Royer (1983), 460 U.S. 491, 500, and United Statesv. Brignoni-Ponce (1975), 422 U.S. 873, 881. However, if the officer observes additional circumstances that give rise to a reasonable suspicion of some other illegal activity, the officer may detain the driver for as long as that new articulable and reasonable suspicion continues.
Ohio v. Robinette (1997), 80 Ohio St.3d 234, paragraph one of the syllabus.
We find that the officer in this case had a duty to stop appellant and determine whether any of the parties needed assistance or whether they were causing a disturbance. Since it was early morning and the parties were behaving strangely outside of an establishment that serves liquor, it was reasonable for the officer to suspect that one of the parties was causing a problem. Also, appellant's action, of immediately leaving the scene upon the officer's arrival, further indicated that something was wrong. Therefore, we find that the officer could reasonably have concluded that someone needed assistance. Furthermore, we also find that the officer had a reasonable and articulable suspicion that a crime had either occurred or was about to occur.
However, appellant contends that once the officer questioned the other parties and learned that there was no physical altercation, he should have released appellant without further questioning. We agree, except that the officer need not have done so from across the street. The officer crossed the street and approached appellant to inform him that the officer had erroneously believed that a physical altercation had occurred and that appellant was free to leave. This action did not extend the seizure longer than was necessary to effectuate the purpose of the stop. However, during that brief encounter, new facts were presented justifying extension of the stop to investigate whether appellant had been driving while intoxicated.
Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the arresting officer lacked probable cause to arrest him. Appellant argues that the officer had insufficient evidence of appellant's intoxication. While the officer testified that he observed appellant's bloodshot eyes, sluggishness, and odor of alcohol, the officer never included these facts in any of his three reports.
Probable cause to arrest arises when at the moment of arrest "the facts and circumstances within the officer's knowledge and of which [he] had reasonable trustworthy information" were sufficient to cause a reasonable person to believe that a crime had been or was being committed. Beck v.Ohio (1964), 379 U.S. 89, 91.
The officer testified that he had failed to include some of the basis for the arrest in his reports, but that he independently recalled these facts at the time of trial. This issue goes to the credibility of the officer, which is beyond the scope of appellate review. Furthermore, there was additional evidence presented in this case which supported a finding of probable cause to arrest: appellant smelled of alcohol, appellant failed a field sobriety test, appellant admitted that he had been drinking, appellant attempted to leave the scene, and appellant refused to cooperate with further tests. Based on the totality of the evidence presented, we find that the officer did have probable cause to arrest appellant for driving while intoxicated.
Appellant's second assignment of error is not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Ottawa County Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J. Mark L. Pietrykowski,P.J., JUDGES CONCUR.